*469 OPINION.
Littleton:
Taxpayer contends that its records were kept upon the cash receipts and disbursements basis and that its income for the years involved should have been computed by the Commissioner upon that basis; also, that the item, of $7,825, salary for prior years, paid on June 19, 1919, in treasury stock, was a proper deduction from gross income as an expense in that year; and that it is entitled to certain losses in each of the years on account of abandonment and sale of obsolete and worn-out equipment.
No evidence is furnished as to the basis upon which the books were kept for prior years. The president of the corporation testified that, prior to 1919, the corporation had a complete double entry set of books installed but that, due to difficulty with the bookkeeper, these books were not kept up. We have found, however, that such records as were kept during the years involved were upon the accrual basis, and the Commissioner’s computation of the income upon that basis is therefore approved. The amount of $7,825 paid to Hicks, *470 pursuant to the agreement of the directors in 1904 and the formal resolution on June 19, 1919, was specifically for salary for prior years. Section ‘234 (a) (1) of the Kevenue Act of 1918 provides that, in computing the net income of a corporation, there shall be allowed as deductions all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. In the opinion of the Board, this section permits of the deduction in any taxable year by a taxpayer on the accrual basis, of only the salary incurred, during such year in carrying on the trade or business. Consequently, a payment during the year 1919 of an amount specifically as salary for prior years, unrelated to the compensation for services for the year in which paid, is not within the allowable deductions in 1919. Appeals of H. T. Cushman Manufacturing Co., 2 B. T. A. 39; Melrose Granite Co., 2 B. T. A. 113; Delaware Electric & Supply Co., 2 B. T. A. 403; Columbia Textile Co., 2 B. T. A. 472; Van De Kamps Holland Dutch Bakers, 2 B. T. A. 1247. No part of the deduction claimed was incurred in 1919, and the Commissioner correctly disallowed the deduction as ordinary and necessary expense for that year.
Taxpayer should be allowed a deduction of a total of $1,193.46, as losses sustained during the year 1919, on account of the equipment discarded and sold, and a deduction for 1920 of a total of $196.64 as losses sustained on account of equipment discarded and sold in that year.